UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
BRIAN PARSONS,

                                         Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICERS RUBE
DENIO (SHIELD NO. 025069), JOHN DOES 1 through 5,
individually and in their official capacities (the name John
Doe being fictitious, as the true names are presently
unknown),

                                         Defendants.
------------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

11-CV-372 (WHP)

## PRELIMINARY STATEMENT

1.    This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on July 26, 2011 at around 8:00 p.m. defendants falsely arrested him, employed excessive force, maliciously prosecuted him, and made false allegations about him to the Bronx County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

**PARTIES**

4. Plaintiff is a citizen of the United States and a resident of Bronx County in the City and State of New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Police Officers John Does 1-5 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

7. Police Officer Rube Denio ("Officer Denio") is a member of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Officer Denio is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On July 26, 2011 at approximately 8:00 p.m., Plaintiff was lawfully present in the vicinity of Park Avenue and East 178th Street in Bronx, New York.

8. A group of Officers were in the process of placing a shooting victim into an ambulance.

9. The shooting victim was a friend of Plaintiff's and Plaintiff approached the Officers to ascertain the extent of his friend's injured.

10. The Officers then placed Plaintiff under arrest.

11. Plaintiff was transported to the 49th Precinct.

12. Plaintiff was transported to Bronx Central Booking, where he was charged with Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

13. Defendant officers misrepresented to the Bronx County District Attorney's Office that Plaintiff had committed the offenses of Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

14. On July 27, 2011 Plaintiff was arraigned in Bronx County Criminal Court and released on his own recognizance.

15. Plaintiff's criminal charges were adjourned in contemplation of dismissal.

16. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM
### (§1983 FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

23. Plaintiff was aware of his confinement and did not consent to it.

24. The confinement was not otherwise privileged.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM
## (§1983 FABRICATION OF EVIDENCE)

26. Plaintiff repeats the foregoing allegations.

27. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Bronx County District Attorney's Office.

28. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

29. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

**30.** As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM
## (§1983 "MONELL" CLAIM)

31. Plaintiff repeats the foregoing allegations.

32. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

33. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

34. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

35. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

36. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

37. These policies, practices and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as the Court may deem just and proper.

DATED:  January 11, 2012
        New York, New York

                                                          _____/ss/_____

                                                          ROBERT MARINELLI

                                                          Attorney at Law

                                                          305 Broadway, 14th Floor

                                                          New York, New York 10007

                                                          (212) 822-1427