UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BRIAN PARSONS,

                          Plaintiff,

                    -against-

Police Officer RUBE DENIO, Shield No. 025069;
Police Officer BRIAN CALORE, Shield No. 19024;
and JOHN and JANE DOE 1 through 5,
individually and in their official capacities (the name
John and Jane Doe being fictitious, as the true
names are presently unknown),

                         Defendants.

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 372 (WHP)

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

5. Plaintiff is a citizen of the United States and a resident of Bronx County in the City and State of New York.

6. Police Officers John and Jane Doe 1-5 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

7. Police Officer Rube Denio, Shield No. 025069 ("Denio") is a member of the New York City Police Department who was acting under color of state law and in his capacities as City law enforcement officer at all relevant times. Officer Denio is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Defendant Denio is sued in his individual and official capacities.

8. Police Officer Brian Calore, Shield No. 19024 ("Calore") is a member of the New York City Police Department who was acting under color of state law and in his capacities as City law enforcement officer at all relevant times. Officer Calore is liable for directly participating in the unlawful acts described herein and for failing to

intervene to protect plaintiff from unconstitutional conduct. Defendant Calore is sued in his individual and official capacities.

## STATEMENT OF FACTS

9. On July 26, 2011, at approximately 8:00 p.m., plaintiff was lawfully present in the vicinity of Park Avenue and East 178th Street in Bronx, New York.

10. A group of officers were in the process of placing a shooting victim into an ambulance.

11. The shooting victim was a friend of plaintiff and plaintiff approached the officers to ascertain the extent of his friend's injuries.

12. The officers then placed plaintiff under arrest.

13. Plaintiff was transported to the 49th Precinct.

14. Plaintiff was transported to Bronx Central Booking, where he was charged with Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

15. Defendant officers misrepresented to the Bronx County District Attorney's Office that plaintiff had committed the offenses of Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

16. On July 27, 2011, plaintiff was arraigned in Bronx County Criminal Court and released on his own recognizance.

17. Plaintiff's criminal charges were adjourned in contemplation of dismissal.

18. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

19. Plaintiff repeats the foregoing allegations.

20. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

21. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### FALSE ARREST

22. Plaintiff repeats the foregoing allegations.

23. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

24. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM
### Failure To Intervene

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

27. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;
b. Punitive damages in an amount to be determined by a jury;
c. Costs, interest and attorney's fees;
d. Such other and further relief as the Court may deem just and proper.

DATED:   May 21, 2012
         New York, New York

                HARVIS MARINELLI
                SALEEM & WRIGHT LLP

                _____
                Gabriel P. Harvis
                305 Broadway, 14th Floor
                New York, New York 10007
                (212) 323-6880
                gharvis@hmswlaw.com

                *Attorney for plaintiff*