UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

BRYAN PARSONS,

                    Plaintiff,

-against-

Police Officer AUSTIN DENIO, Shield No. 025069; Police Officer BRIAN CALORE, Shield No. 19024; and JOHN and JANE DOE 1 through 5, individually and in their official capacities (the name John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------- x



**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 372 (WHP)

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

5. Plaintiff is a citizen of the United States and a resident of Bronx County in the City and State of New York.

6. Police Officers John and Jane Doe 1-5 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

7. Police Officer Austin Denio, Shield No. 025069 ("Denio") is a member of the New York City Police Department who was acting under color of state law and in his capacities as City law enforcement officer at all relevant times. Officer Denio is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Defendant Denio is sued in his individual and official capacities.

8. Police Officer Brian Calore, Shield No. 19024 ("Calore") is a member of the New York City Police Department who was acting under color of state law and in his capacities as City law enforcement officer at all relevant times. Officer Calore is liable for directly participating in the unlawful acts described herein and for failing to

intervene to protect plaintiff from unconstitutional conduct. Defendant Calore is sued in his individual and official capacities.

## STATEMENT OF FACTS

9. On July 26, 2011, at approximately 7:45 p.m., plaintiff was lawfully present in the vicinity of Valentine Avenue and East 178th Street in Bronx, New York.

10. Plaintiff, who was on parole at the time, was on his way home to make his curfew when he heard the sound of gunshots.

11. Moments later, someone plaintiff knew ran up to him and told him that his younger cousin, Renney Moye, had been just been shot around the corner.

12. Plaintiff ran around the corner to 178th Street and Park Avenue and saw his cousin Renney lying motionless on the ground in a puddle of blood.

13. A police vehicle arrived at the same time as plaintiff.

14. Plaintiff explained to one of the officers who had just arrived, believed to be Sergeant Michael Connizo of the 48th Precinct Anti-Crime unit, that the victim was his cousin.

15. Although plaintiff's cousin was deceased at the time, Sergeant Connizo told plaintiff, in sum and substance, that his cousin would be ok.

16. As an ambulance and other police vehicles arrived, the officer believed to be Sergeant Connizo allowed Mr. Parsons to walk over and see his cousin.

17. Mr. Parsons walked over to his cousin as the EMS personnel were preparing to move his body into the ambulance.

18. As Mr. Parsons approached, it became immediately apparent to him that his cousin was dead.

19. Aggrieved, Mr. Parsons turned to walk away as an officer believed to be defendant Denio confronted him.

20. Officer Denio said to Mr. Parsons, in sum and substance, didn't I tell you not to go over there?

21. Mr. Parsons, who had never spoken to Officer Denio before, asked him what he was talking about.

22. Officer Denio then grabbed Mr. Parsons, placed extremely tight handcuffs on his wrists and put him in the back of a police car.

23. Even though the arrest was unlawful, Mr. Parsons did not resist in any way.

24. Once Mr. Parsons was in the backseat handcuffed, Officer Denio sprayed mace in Mr. Parsons' eyes.

25. Mr. Parsons was left in the backseat of the vehicle, in extreme pain from the tight handcuffs and with his eyes filled with mace, for at least ten minutes before he was taken to the 48th Precinct.

26. Mr. Parsons complained that he needed medical attention for his eyes and wrists, but his pleas were ignored.

27. At the precinct, Mr. Parsons was finally given water to wash his eyes.

28. Defendant officers misrepresented to the Bronx County District Attorney's Office that plaintiff had committed the offenses of Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

29. Mr. Parsons was then taken to Central booking.

30. At Central Booking, paramedical staff examined Mr. Parsons' wrists but no treatment was provided.

31. After spending approximately 24 hours in custody, Mr. Parsons was arraigned and released.

32. The criminal charges against Mr. Parsons were adjourned in contemplation of dismissal.

33. Following his release from custody, Mr. Parsons sought treatment for the injuries to his wrists at Bronx Lebanon Hospital.

34. Mr. Parsons was referred to a specialist, who provisionally diagnosed nerve damage.

35. Mr. Parsons notified his parole officer of the arrest, as required by the terms of his parole.

36. Approximately 30 days later, Mr. Parsons' was notified that his parole had been violated and he was taken into custody.

37. Based on the July 26th arrest, Mr. Parsons' parole was revoked and he was incarcerated in Rikers Island for approximately 90 days.

38. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

39. Plaintiff repeats the foregoing allegations.

40. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

42. Plaintiff repeats the foregoing allegations.

43. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM
### Unreasonable Force

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;
    b. Punitive damages in an amount to be determined by a jury;
    c. Costs, interest and attorney's fees;
    d. Such other and further relief as the Court may deem just and proper.

DATED:    November 5, 2012
               New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Gabriel P. Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwsflegal.com

                              *Attorney for plaintiff*